## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**ELLYN AHLSTROM,**

                    **Plaintiff,**

                                        **CASE NO.:**

**vs.**

**NATIONAL RAILROAD PASSENGER
CORPORATION, d/b/a AMTRAK,
A Federally Chartered For-Profit
Corporation**

                    **Defendant.**
_____

### NOTICE OF REMOVAL

Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, by and through its undersigned attorneys respectfully states upon information and belief:

1.      On September 29, 2025 National Railroad Passenger Corporation ("Amtrak") received the Summons and Complaint in this action which is currently pending in the Seventh Judicial Circuit in and for Putnam County, Florida, which has been given the Civil Docket Case Number 2025-320-CA; Division 53.  A copy of the Complaint filed against Amtrak, is attached hereto as Exhibit "A".  Attached as Exhibit "B" is a copy of Summons served on Amtrak.

2.      This Notice of Removal is being filed with the Court within thirty (30) days from the earliest date when Amtrak had notice of and was in receipt of the Complaint.

3.      According to the Complaint, Plaintiff Ellyn Ahlstrom has brought an action for damages against Amtrak for personal injuries.  It is alleged that the Plaintiff Ellyn Ahlstrom was injured while disembarking from an Amtrak train.

4.      The Complaint alleges that on or about January 19, 2025, Plaintiff Ellyn Ahlstrom was a passenger on an Amtrak train and that she fell while deboarding the train at the Palatka Amtrak Station, resulting in injuries.

5.      Pursuant to 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. Pursuant to § 1349, the district courts "shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock." (*Emphasis added*).

Said otherwise, the district courts shall have original jurisdiction of civil actions against a corporation where the United States owns more than one-half of the capital stock. See, e.g., *Osborne v. Bank of the United States*, 22 U.S. (9 Wheat) 738 (1824) (since the Bank of the United States was created by an Act of Congress any suit to which the bank was a party was a suit arising out of the laws

of the United States); *Pacific Railroad Removal Cases*, 115 U.S. 1 (1885) (suits involving federally chartered corporations, even ones that were privately owned, created federal questions and were within original jurisdiction of district courts); *see also* 13B C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE AND PROCEDURE, sec. 3571, at 176-178 (2d Ed. 1984) ("Thus there is federal jurisdiction without more of an action by or against a corporation if the United States owns more than half of the capital stock of the corporation.") (and cases cited therein).

6.     Amtrak was created by an Act of Congress, 45 U.S.C. 501 *et. seq.* More than fifty percent of the capital stock of Amtrak is owned by the United States.  Therefore, the above described action is a civil action which this Court has original jurisdiction under the provisions of Title 28 U.S.C. Sections 1331 and 1349, and is an action which may be removed to this Court pursuant to the provisions of Title 28 U.S.C. Sections 1441 and 1446.  See *Osborne v. Bank of The United States*, 22 U.S. 738 (1824); *Nero v. Amtrak*, 714 F.Supp 753 (E.D. Pa. 1989); *McManus v. Glassman's Wynnefield, Inc.,* 710 F. Supp. 1043, 1044 (E.D. Pa. 1989).

7.     Because the United States is the owner of more than one-half of Amtrak's capital stock, under the case law and authorities cited, this Court has original jurisdiction of this matter. *Adkins v. Illinois Central Railroad Co.*, 326

F.3d 828, 848 (7th Cir. 2003); *Estate of Wright v. Illinois Central Railroad*, 831 F. Supp. 574 (S.D. Miss. 1993) (National Railroad Passenger Corporation was subject to federal question jurisdiction under §§ 1331 and 1349). See also *In Re Rail Collision Near Chase, Maryland on January 4, 1987 Litigation*, 680 F. Supp. 728 (D. Md. 1987). Therefore, this cause is removable to this Court pursuant to 28 U.S.C. § 1441(a).

8.     This cause does not arise under the worker's compensation laws of any state and is not brought under 45 U.S.C. §§ 51-60 or 49 U.S.C. § 11707 against a common carrier, railroad or their receivers of trustees. Therefore, this cause is removable to this Court pursuant to 28 U.S.C. § 1441(a).

9.     In accordance with 28 U.S.C. § 1446(d), undersigned counsel has given written notice of the filing of this Notice of Removal by electronic means with attached exhibits to Plaintiff's counsel, Daniel J. Glassman, Glassman & Zissimopulos Law, 804 NW 16th Avenue, Suite B, Gainesville, Florida 32601.  In further compliance with § 1446(d), contemporaneously with the filing of this Notice, Defendant has paid the necessary filing fee to the Clerk of this Court and served a Certification of Notice of Removal to the Clerk of the Circuit Court in and for the Seventh Judicial Circuit, Putnam County, Florida, and to attorneys for Plaintiff.  A copy of said Certification is attached hereto as Exhibit "C".

WHEREFORE, Defendant prays that this action now pending against it in the Circuit Court of the Seventh Judicial Circuit, State of Florida, Putnam County, be removed to this Court.

I hereby verify that to the best of my knowledge, the foregoing is true and correct.

Respectfully Submitted this 29th day of October, 2025.

GrayRobinson,P.A.

*/s/ Joni A. Poitier*
Joni A. Poitier
Trial Counsel
Florida Bar No. 0022861
Email: Joni.Poitier@gray-robinson.com
50 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 598-9929
Fax: (904) 598-9109

Attorney for Defendant Amtrak

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 29, 2025 electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will deliver the document to all counsel of record.

*/s/Joni A. Poitier*
Attorney for Defendant Amtrak

# EXHIBIT A

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR PUTNAM COUNTY, FLORIDA

ELLYN AHLSTROM,                                CASE NO.: 2025-320-CA

                                               DIVISION: 53

     Plaintiff,

     vs.

NATIONAL RAILROAD PASSENGER
CORPORATION, d/b/a AMTRAK,
A Federally Chartered For-Profit
Corporation

     Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, ELLYN AHLSTROM ("AHLSTROM" or "Plaintiff"), and sues Defendant, NATIONAL RAILROAD PASSENGER CORPORATION a Federally Chartered For-Profit Corporation, ("AMTRAK") doing business as AMTRAK, and in support thereof alleges as follows:

### Jurisdiction

1. This is an action for damages that exceed FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs and attorney's fees.

2. This is an action arising from a fall with injury in Palatka, Putnam County, Florida.

### Parties

3. Plaintiff AHLSTROM is an adult resident of Alachua County, Florida, in every way *sui juris*.

4. Defendant AMTRAK is a For-Profit corporation authorized to do business in Putnam County, and throughout the State of Florida.

5. Defendant AMTRAK is a passenger railroad company and a common carrier under Florida law.

### Facts

1

6.  At all times relevant to this action, Defendant AMTRAK owned or operated a train station located at 220 North 11th Street, Palatka, Putnam County, Florida.

7.  On January 19, 2025, Plaintiff was a ticketed passenger on an AMTRAK passenger train which stopped at the Palatka train station.

8.  At all times material herein AHLSTROM was a customer and invitee of the Defendant and had permission to be on the property of Defendant AMTRAK.

9.  On January 19, 2025, the Defendant's passenger train stopped at the Palatka Station, and the Plaintiff attempted to disembark via the designated passenger stairway.

10. That a large drop existed between the base of the stairs on the passenger car and the train platform.

11. That the Defendant's employees and agents placed only a small unsteady step stool at the base of the stairs.

12. That the Defendant's employees did not assist the passengers, including Plaintiff AHLSTROM in navigating the difficult step down.

13. That the Defendant's employees did not deploy the moveable stair step with rails that is present at the station specifically for the purpose of assisting passengers with disembarking.

14. That as Plaintiff AHLSTROM attempted to navigate the dangerous drop from the train car, she suffered a fall onto the train platform resulting in injury.


**NEGLIGENCE**

Plaintiff AHLSTROM sues Defendant AMTRAK and hereby incorporates the allegations raised in paragraphs 1 through 14 of the Complaint, and further states the following:

15. That the train car from which Plaintiff attempted to exit was operated and maintained by the Defendant.

16. That the train station where Plaintiff attempted to disembark is operated and maintained by the

2

Defendant and staffed by the Defendant's employees or agents.

17. That as the property owner Defendant AMTRAK knew or in the exercise of reasonable care should have known that the step down from the train to the station presented a hazard to invitees, such as the Plaintiff, that would not be adequately addressed by use of a small stepstool.

18. That as the property owner Defendant AMTRAK was aware that utilizing the moveable staircase present at the station was necessary to provide a safe means for the passengers to disembark.

19. At all times material hereto, Defendant AMTRAK, owed a non-delegable duty to the Plaintiff to exercise reasonable and ordinary care to keep and maintain the premises in a condition reasonably safe for the use of the staff and invitees.

20. That as a common carrier, Defendant AMTRAK owed a heightened duty of care to ensure the safety of passengers such as Plaintiff including but not limited to ingress and egress from the train cars.

21. Specifically, Defendant AMTRAK had a duty to take such precautions as were reasonably necessary to protect staff and invitees, including Plaintiff, from hazards that present or create a risk of falls in areas designated as entry or exit, such as the drop from the last step of the train cars.

22. That Defendant AMTRAK, its agents, employees, staff and/or representatives who were acting in furtherance of the interests of the Defendant, breached its duty of care to AHLSTROM and was negligent including but not limited to the following acts or omissions:

    i.   Failing to maintain the train station property in a reasonably safe condition;

    ii.  Failing to maintain the train cars in a reasonably safe condition;

    iii. Failing to ensure the safety of passengers in its care;

    iv.  Failing to assist passengers and invitees in disembarking from the train;

    v.   Failing to provide adequate assistance devices to disembarking passengers;

    vi.  Failing to utilize the moveable disembarkation stairs located on the premises;

3

vii.  Failing to properly warn passengers including Plaintiff of the dangerous condition
of the passenger exit stairway;

23.  As a result of the negligence of Defendant AMTRAK, Plaintiff suffered bodily injury, including
permanent injury to the body as a whole within a reasonable degree of medical probability,
including pain and suffering of both a physical and mental nature, disability, physical impairment,
disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense
of medical and nursing care and treatment, aggravation or activation of disease or defect, and loss
of ability to lead and enjoy a normal life.  These losses are either permanent or continuing, and
the Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant AMTRAK in excess of FIFTY
THOUSAND DOLLARS ($50,000.00), plus interest, costs and such other relief as this Court may deem
just and proper under the circumstances, and a trial by jury of all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiff AHLSTROM demands trial by a jury on all issues so triable.

RESPECTFULLY submitted this 17th day of September 2025.

GLASSMAN & ZISSIMOPULOS LAW

*/s/Daniel J. Glassman*
DANIEL J. GLASSMAN, ESQ.
Fla. Bar No.: 0053767
dan@putclientsfirst.com

JESSE W. SMITH, ESQ.
Florida Bar # 0033518
Jesse@putclientsfirst.com
804 NW 16th Avenue, Suite B
Gainesville, FL 32601
Telephone: (352) 505-4515

4

Facsimile: (352) 505-4516
Attorneys for Plaintiff

# EXHIBIT B

Filing # 231864356 E-Filed 09/18/2025 02:46:03 PM

## IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
## IN AND FOR PUTNAM COUNTY, FLORIDA

**ELLYN AHLSTROM,**                                    CASE NO.: 2025-320-CA
                                                        **DIVISION: 53**
    **Plaintiff,**

    **vs.**

**NATIONAL RAILROAD PASSENGER**
**CORPORATION, d/b/a AMTRAK,**
**A Federally Chartered For-Profit**
**Corporation**

    **Defendant.**

_____/

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition in this action on Defendant:

        **NATIONAL RAILROAD PASSENGER CORPORATION,**
        **d/b/a AMTRAK,**
        **c/o William Herrmann, Executive Vice President, Chief Legal and**
        **Human Resources Officer & Corporate Secretary**
        **1 Massachusetts Avenue, NW**
        **Washington, DC 20001**

    Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, whose name and address is:

        JESSE W. SMITH, ESQ.
        GLASSMAN & ZISSIMOPULOS, PLLC
        804 NW 16th Avenue, Suite B
        Gainesville, FL 32601

within twenty (20) days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

        DATED on __SEPTEMBER 18_____, 2025.

Clerk of Court

(Court Seal)                              By: _____

                                              Deputy

                                          eSigned: 09/18/2025 14:43:10 PM

# EXHIBIT C

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
PUTNAM COUNTY, FLORIDA

**ELLYN AHLSTROM,**                                    **CASE NO.: 2025-CA-320**

        **Plaintiff,**

**v.**

**NATIONAL RAILROAD PASSENGER**
**CORPORATION, d/b/a AMTRAK,**
**A Federally Chartered For-Profit**
**Corporation**

        **Defendant.**
_____/

## <u>CERTIFICATION OF NOTICE OF REMOVAL</u>

To:    Clerk, Circuit Court
       Seventh Judicial Circuit
       Putnam County, Florida

In compliance with 28 U.S.C. §1446(d), you are hereby notified of the filing of a Notice

of Removal of the above-styled cause to the United States District Court for the Middle District

of Florida, Jacksonville Division, a copy of which is attached hereto.

**DATED** this 29th day of October, 2025.

GrayRobinson,P.A.

_/s/ Joni A. Poitier_
Joni A. Poitier
Trial Counsel
Florida Bar No. 0022861
Email: Joni.Poitier@gray-robinson.com
50 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 598-9929
Fax: (904) 598-9109

Attorney for Defendant Amtrak

#65168220 v1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via the

Florida Courts E-Filing Portal to all counsel of record on October 29, 2025.


*/s/Joni A. Poitier*
Attorney for Defendant Amtrak

#65168220 v1