IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR PUTNAM COUNTY, FLORIDA

**ELLYN AHLSTROM,**

    Plaintiff,

vs.

CASE NO.: 2025-320-CA
DIVISION: 53

NATIONAL RAILROAD PASSENGER
CORPORATION, d/b/a AMTRAK,
A Federally Chartered For-Profit
Corporation

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, ELLYN AHLSTROM ("AHLSTROM" or "Plaintiff"), and sues Defendant, NATIONAL RAILROAD PASSENGER CORPORATION a Federally Chartered For-Profit Corporation, ("AMTRAK") doing business as AMTRAK, and in support thereof alleges as follows:

### Jurisdiction

1. This is an action for damages that exceed FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs and attorney's fees.

2. This is an action arising from a fall with injury in Palatka, Putnam County, Florida.

### Parties

3. Plaintiff AHLSTROM is an adult resident of Alachua County, Florida, in every way *sui juris*.

4. Defendant AMTRAK is a For-Profit corporation authorized to do business in Putnam County, and throughout the State of Florida.

5. Defendant AMTRAK is a passenger railroad company and a common carrier under Florida law.

### Facts

1

6. At all times relevant to this action, Defendant AMTRAK owned or operated a train station located at 220 North 11th Street, Palatka, Putnam County, Florida.

7. On January 19, 2025, Plaintiff was a ticketed passenger on an AMTRAK passenger train which stopped at the Palatka train station.

8. At all times material herein AHLSTROM was a customer and invitee of the Defendant and had permission to be on the property of Defendant AMTRAK.

9. On January 19, 2025, the Defendant's passenger train stopped at the Palatka Station, and the Plaintiff attempted to disembark via the designated passenger stairway.

10. That a large drop existed between the base of the stairs on the passenger car and the train platform.

11. That the Defendant's employees and agents placed only a small unsteady step stool at the base of the stairs.

12. That the Defendant's employees did not assist the passengers, including Plaintiff AHLSTROM in navigating the difficult step down.

13. That the Defendant's employees did not deploy the moveable stair step with rails that is present at the station specifically for the purpose of assisting passengers with disembarking.

14. That as Plaintiff AHLSTROM attempted to navigate the dangerous drop from the train car, she suffered a fall onto the train platform resulting in injury.

**NEGLIGENCE**

Plaintiff AHLSTROM sues Defendant AMTRAK and hereby incorporates the allegations raised in paragraphs 1 through 14 of the Complaint, and further states the following:

15. That the train car from which Plaintiff attempted to exit was operated and maintained by the Defendant.

16. That the train station where Plaintiff attempted to disembark is operated and maintained by the

2

Defendant and staffed by the Defendant's employees or agents.

17. That as the property owner Defendant AMTRAK knew or in the exercise of reasonable care should have known that the step down from the train to the station presented a hazard to invitees, such as the Plaintiff, that would not be adequately addressed by use of a small stepstool.

18. That as the property owner Defendant AMTRAK was aware that utilizing the moveable staircase present at the station was necessary to provide a safe means for the passengers to disembark.

19. At all times material hereto, Defendant AMTRAK, owed a non-delegable duty to the Plaintiff to exercise reasonable and ordinary care to keep and maintain the premises in a condition reasonably safe for the use of the staff and invitees.

20. That as a common carrier, Defendant AMTRAK owed a heightened duty of care to ensure the safety of passengers such as Plaintiff including but not limited to ingress and egress from the train cars.

21. Specifically, Defendant AMTRAK had a duty to take such precautions as were reasonably necessary to protect staff and invitees, including Plaintiff, from hazards that present or create a risk of falls in areas designated as entry or exit, such as the drop from the last step of the train cars.

22. That Defendant AMTRAK, its agents, employees, staff and/or representatives who were acting in furtherance of the interests of the Defendant, breached its duty of care to AHLSTROM and was negligent including but not limited to the following acts or omissions:

    i. Failing to maintain the train station property in a reasonably safe condition;
    ii. Failing to maintain the train cars in a reasonably safe condition;
    iii. Failing to ensure the safety of passengers in its care;
    iv. Failing to assist passengers and invitees in disembarking from the train;
    v. Failing to provide adequate assistance devices to disembarking passengers;
    vi. Failing to utilize the moveable disembarkation stairs located on the premises;

    vii.   Failing to properly warn passengers including Plaintiff of the dangerous condition of the passenger exit stairway;

23. As a result of the negligence of Defendant AMTRAK, Plaintiff suffered bodily injury, including permanent injury to the body as a whole within a reasonable degree of medical probability, including pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of medical and nursing care and treatment, aggravation or activation of disease or defect, and loss of ability to lead and enjoy a normal life.  These losses are either permanent or continuing, and the Plaintiff will suffer these losses in the future.

    WHEREFORE, Plaintiff demands judgment against Defendant AMTRAK in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus interest, costs and such other relief as this Court may deem just and proper under the circumstances, and a trial by jury of all issues so triable.

**DEMAND FOR JURY TRIAL**

    Plaintiff AHLSTROM demands trial by a jury on all issues so triable.

    RESPECTFULLY submitted this 17th day of September 2025.

    GLASSMAN & ZISSIMOPULOS LAW

***/s/Daniel J. Glassman***
DANIEL J. GLASSMAN, ESQ.
Fla. Bar No.: 0053767
dan@putclientsfirst.com

JESSE W. SMITH, ESQ.
Florida Bar # 0033518
Jesse@putclientsfirst.com
804 NW 16th Avenue, Suite B
Gainesville, FL 32601
Telephone: (352) 505-4515

4

Facsimile: (352) 505-4516
Attorneys for Plaintiff