|  |  |
|---|---|
| | **IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT, IN AND FOR PUTNAM COUNTY, FLORIDA** |

**ELLYN AHLSTROM,**

          **Plaintiff,**

**v.**

**NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, A Federally Chartered For-Profit Corporation**

          **Defendant.**

_____/

**CASE NO.: 2025-CA-320**

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant, National Railroad Passenger Corporation, d/b/a AMTRAK, A Federally Chartered For-Profit Corporation ("Amtrak"), by and through its undersigned counsel, and answers Plaintiff's Complaint in like numbered paragraphs as follows:

### Jurisdiction

1. Amtrak admits that in Paragraph 1 of the Complaint, Plaintiff seeks damages in excess of $50,000. Defendant denies it is liable to Plaintiff for any amount.

2. Amtrak is without knowledge as to the allegations in Paragraph 2 of the Complaint and therefore denies the same.

### Parties

3. Amtrak is without knowledge as to the allegations in Paragraph 3 of the Complaint and therefore denies the same.

4. Amtrak admits that pursuant to Plaintiff's allegations it would be subject to the jurisdiction in the United States District Court, Middle District of Florida. Defendant specifically

#65174073 v1

denies that the incident took place as alleged in Plaintiff's Complaint.

5. Paragraph 5 is a question of law and therefore no response is required by Amtrak.  If a response is required, Amtrak denies the allegations in paragraph 5.

## Facts

6. Amtrak admits it owns and operates a passenger station for rail services in Palatka, Florida.

7. Amtrak is without knowledge as to the allegations in Paragraph 7 of the Complaint and therefore denies the same.

8. Paragraph 8 is a question of law and therefore no response is required by Amtrak.  If a response is required, Amtrak denies the allegations in paragraph 8.

9. Amtrak is without knowledge as to the allegations in Paragraph 9 of the Complaint and therefore denies the same.

10. Amtrak denies the allegations in paragraph 10 of the Complaint.

11. Amtrak denies the allegations in paragraph 11 of the Complaint.

12. Amtrak denies the allegations in paragraph 12 of the Complaint.

13. Amtrak denies the allegations in paragraph 13 of the Complaint.

14. Amtrak denies the allegations in paragraph 14 of the Complaint.

## NEGLIGENCE

Amtrak adopts and reincorporates its responses to paragraphs one (1) through ten (14) of the Complaint above, as if fully set forth herein.

15. Amtrak admits the allegations in paragraph 15 of the Complaint.

16. Amtrak admits that it employs some train attendants in Palatka, Florida.  Amtrak denies that all personnel at the train station in Palatka are Amtrak employees.  Amtrak denies the remainder of the allegations in paragraph 16 of the Complaint.

2

#65174073 v1

17. Amtrak denies the allegations in paragraph 17 of the Complaint.

18. Amtrak denies the allegations in paragraph 18 of the Complaint.

19. Paragraph 19 is a question of law and therefore no response is required by Amtrak.  If a response is required, Amtrak denies the allegations in paragraph 19.

20. Paragraph 20 is a question of law and therefore no response is required by Amtrak.  If a response is required, Amtrak denies the allegations in paragraph 20.

21. Paragraph 21 is a question of law and therefore no response is required by Amtrak.  If a response is required, Amtrak denies the allegations in paragraph 21.

22. Amtrak denies the allegations in paragraph 22 of the Complaint and all of its subparts.

23. Amtrak denies the allegations in paragraph 23 of the Complaint.

The paragraph beginning "WHEREFORE" is a statement of law as to which no response by Amtrak is required.  To the extent a response is required, Amtrak denies that the Plaintiff is entitled to any damages, remedies or relief as claimed in this paragraph.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are preempted and/or precluded by federal law, including but not limited to the Interstate Commerce Commission Termination Act, 49 U.S.C. § 10101-16106 (2007 & Supp. 2010), the Railroad Safety Act of 1970 (originally 45 U.S.C. § 434, now codified at 49 U.S.C. §§ 20106, et seq.), the Rail Safety Improvement Act of 2008 (49 U.S.C. 20101 et seq.), and the regulations issued by the Secretary of Transportation pursuant thereto.

## SECOND AFFIRMATIVE DEFENSE

Defendant asserts that at the time and the place of the alleged accident, Plaintiff was guilty of negligence contributing in whole or in part to the accident, and to the extent that Plaintiff's negligence wholly caused the accident and the ensuing damages, Plaintiff is barred from recovery,

3

and to the extent that Plaintiff's negligence contributed in part to the accident and the alleged damages, the Plaintiff's alleged damages are diminished in accordance with the degree of negligence attributable to her. In making such affirmative averments and allegations, this Defendant does not hereby admit any negligence whatsoever on its part, or that Plaintiff was in any way damaged as claimed.

### THIRD AFFIRMATIVE DEFENSE

Defendant asserts that if Plaintiff was injured as claimed and such injury is specifically denied, Plaintiff had pre-existing conditions for which this Defendant is not responsible and if Plaintiff is entitled to recover for damages, which is denied, such recovery cannot include compensation for said pre-existing conditions not specifically caused by the subject accident.

### FOURTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff has failed to mitigate the alleged damages that ensued from the subject accident and that any recovery is to be reduced to the extent Plaintiff so failed to mitigate her damages.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts that it is entitled to setoff for all collateral source benefits paid, or to be paid to or on behalf of Plaintiff, as well as the value of benefits provided or available to Plaintiff free of charge from any governmental or charitable sources.

### SIXTH AFFIRMATIVE DEFENSE

Defendant asserts that it is not liable or responsible to the extent that any injuries or damages complained of by Plaintiff were caused by negligence on the part of persons or entities for whose conduct this Defendant was not responsible and over whom this Defendant had no control.

#65174073 v1

## SEVENTH AFFIRMATIVE DEFENSE

Defendant denies the alleged negligence and alleged consequences of such negligence.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts that the sole legal cause of the described accident and alleged damages was the negligence of Plaintiff and further, that the Defendant was not guilty of any negligence that was the legal cause of the accident or Plaintiff's alleged damages.

## REQUEST FOR JURY TRIAL

Defendant respectfully requests that trial by jury of all issues are triable herein.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Amtrak hereby respectfully requests that the Complaint be dismissed with prejudice, and that Plaintiff take nothing, and that this Court award Defendant its costs pursuant to law, and that this Court grant such other and further relief to which Defendant may be entitled.

Respectfully Submitted this 29th day of October, 2025.

GrayRobinson,P.A.

*/s/ Joni A. Poitier*
Joni A. Poitier
Trial Counsel
Florida Bar No. 0022861
Email: Joni.Poitier@gray-robinson.com
50 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 598-9929
Fax: (904) 598-9109

Attorney for Defendant Amtrak

5

#65174073 v1

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via the

Florida Courts E-Filing Portal to all counsel of record on October 29, 2025.

*/s/Joni A. Poitier*
Attorney for Defendant Amtrak

#65174073 v1